

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2006

# Todd v. Walters

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1020

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Todd v. Walters" (2006). *2006 Decisions*. Paper 1756.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1756

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1020
_____

TRACY L. TODD,
Appellant
vs.

GILBERT WALTERS, Warden; SCOTT MORGAN;
EDWARD HORNEMAN; JIM FARMARY; DOE PETERS;
DOE RISINGER; DOE SHOSTER; JEFFREY
A. BEARD, Secretary of Corrections

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00248)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 5, 2006
Before: FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>
Filed January 12, 2006
_____

OPINION
_____

PER CURIAM.

    Appellant Tracy Todd appeals from two District Court orders granting the

Defendants' motions for summary judgment. We will affirm the District Court's orders,

but for different reasons.

I.

Todd is currently an inmate at SCI-Rockview. On February 15, 2002, he filed a complaint under 42 U.S.C. § 1983 alleging a series of Eighth, Fourteenth, and Fifteenth Amendment violations for incidents occurring between December 1, 2001 and March 4, 2002, while he was an inmate at SCI-Mercer. Specifically, he alleges (1) that he was denied the use of a wheelchair, causing him to fall and injure himself on multiple occasions; (2) that Dr. Morgan, Physician Assistant Horneman, and Scott Peters did not provide medical care after several falls; (3) that Nurses Jim Farmarie and Doe Schuster[1] did not wear gloves when administering medication and that Schuster tried to give him soap with his medicine; (4) that Risinger and Horneman interfered with his use of a shortcut to get to the cafeteria, causing him to use a more dangerous route and miss meals; and (5) that Farmarie verbally abused him.

The Defendants, with the exception of Dr. Morgan and Horneman, moved to dismiss the complaint, or in the alternative, for summary judgment arguing that Todd's claims are barred by the applicable statute of limitations. They submitted copies of grievances that Todd filed while incarcerated at SCI-Mercer. The grievances are all dated prior to February 15, 2002. The Magistrate Judge recommended granting the motion because the grievances refer to conduct occurring more than two years before the date of filing. On August 18, 2004, Todd filed a document entitled "Brief in Support to denied

---

[1] The last names of Farmarie and Schuster were misspelled in the complaint and listed as Farmary and Shoster. We use the correct spellings here.

Motion to Dismiss Complaint or in the Alternative, For Summary Judgment." The District Court ignored this filing and adopted the report and recommendation. Eventually, Dr. Morgan and Horneman moved for summary judgment. The District Court granted the motions concluding that Todd failed to show the existence of a genuine issue of material fact. Todd appealed.

## II.[2]

Todd's claims are governed by a two-year statute of limitations. See Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). His complaint is dated February 15, 2004. Thus, a claim based on any incident occurring prior to February 15, 2002, is barred. We disagree with the District Court's conclusion that all of Todd's claims are time-barred. His August 18th submission includes arguments and copies of grievances showing that some of the complained of conduct, or the injury arising from such conduct, was ongoing or occurred after February 15. In only two instances are Todd's claims precluded by the statute of limitations. First, Todd's claim that Nurse Schuster gave him soap appears to be a single incident, which occurred prior to February 15. Second, claim two alleges that he was denied adequate medical treatment for injuries sustained in several falls. From what we can discern, his principal qualm relates to treatment received in connection with a fall from an embankment in early February. Todd's medical records show that he was seen almost daily until February 11,

---

[2] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review. See Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 285 (3d Cir. 2003).

when he was released from the restrictive housing unit. Thus, his alleged injury was known more than two years before he commenced his suit. See Debiec v. Cabot Corp., 352 F.3d 117, 128-29 (3d Cir. 2003).

The remainder of his claims, even if not time barred, fail to establish the existence of a genuine issue of material fact sufficient to survive a motion for summary judgment. We can affirm the grant of a motion for summary judgment on any basis supported by the record. See Fairview Twp. v. E.P.A., 773 F.2d 517, 524 n. 15 (3d Cir. 1985). Todd's claims are premised on the Eighth Amendment. To succeed, Todd must show the deprivation at issue is sufficiently serious and that the prison official was deliberately indifferent to his plight. See Wilson v. Seiter, 501 U.S. 294, 298-99 (1981); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Woloszyn v. County of Lawrence, 396 F.3d 314, 320 (3d Cir. 2005).

Todd's first claim relates to the denial of a wheelchair. There is no doubt that Todd has decreased mobility, but he does not show that any prison official who might be authorized to provide a wheelchair acted with deliberate indifference. There is no indication that he faced painful or permanent injuries if a wheelchair was not provided, or that any Defendant was aware that this might be the case. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). He also exaggerates his inability to walk. The record shows that on several occasions Todd declined accommodations, instead choosing to walk with the assistance of a walker. Finally, the medical records show that there was no identifiable reason for his inability to walk, and it was suspected that Todd was "malingering." On

the facts in evidence, it cannot be said that any Defendant was deliberately indifferent.

In claim three, Todd alleges that the Nurses' failure to wear gloves while dispensing medication spread germs and caused him to fall ill. Prisoners have a right to be housed in sanitary and safe conditions. See Bell v. Wolfish, 441 U.S. 520, 539 (1979). However, there is no evidence that the failure to use gloves creates an unsafe environment, nor is there any indication that either Nurse intentionally ignored a possible danger. See Rhodes v. Chapman, 452 U.S. 337, 346-48 (1981) (discussing the objective component). Further, Nurse Schuster's use of an anti-bacterial hand lotion actually weighs against Todd's claim that he was subjected to unsafe conditions.

Todd's fourth claim against Risinger and Horneman is equally baseless. Horneman issued an order for Todd to use a shortcut, but withdrew the order following an examination by Dr. Morgan, which revealed that there was a possibility that Todd was exaggerating his disability. Moreover, Horneman attempted to accommodate Todd's needs, but Todd refused the accommodation. There is no indication Horneman was indifferent to Todd's medical condition. The record also fails to show that Risinger played any part in this decision. Finally, Todd's verbal abuse claim against Nurse Farmarie is not actionable under § 1983. See Calhoun v. Hargrove, 312 F.3d 730, 734 (3d Cir. 2002). Todd fails to sufficiently show that any of Farmarie's alleged threats resulted in physical injury. See id.; 42 U.S.C. § 1997e(e).

For the foregoing reasons, the District Court properly granted the Defendants' motions for summary judgment. Accordingly, we will affirm.